LEE TRAN & LIANG APLC
  Steven R. Hansen (Bar No. 198401)
  Enoch H. Liang (Bar No. 212324)
601 S. Figueroa Street, Suite 4025
Los Angeles, California 90017
Telephone: (213) 612-3737
Facsimile: (213) 612-3773
E-mail: srh@ltlcounsel.com; ehl@ltlcounsel.com

Attorneys for Defendant and
Counterclaim Plaintiff Envisiontec, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN

| | |
|---|---|
| ALEX SHPISMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ENVISIONTEC GmbH, an entity of unknown origin, ENVISIONTEC, INC., a Michigan corporation.<br><br>Defendant.<br><br>―――――――――――――――――<br>ENVISIONTEC, INC., a Michigan corporation,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>ALEX SHIPISMAN, an individual,<br><br>Counterclaim Defendant. | CASE NO. CV10 8355 R (PJWx)<br><br>**DECLARATION OF STEVEN R. HANSEN IN SUPPORT OF ENVISIONTEC'S MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF'S CLAIMS OF COPYRIGHT INFRINGEMENT AND DECLARATORY RELIEF, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT THEREOF**<br><br>**DATE:** October 3, 2011<br>**TIME:** 10:00 a.m.<br>**CTRM:** 8<br><br>Action Filed: November 3, 2010<br>First Amended Complaint Filed: December 22, 2010 |

---

DECLARATION OF STEVEN R. HANSEN IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

I, Steven R. Hansen, declare:

1. I am an attorney admitted to practice in the states of Michigan and California and before this Court. I am counsel to Lee Tran & Liang APLC, counsel for Defendant/Counterclaim Plaintiff Envisiontec, Inc. ("Envisiontec") in this lawsuit. I state the facts in this declaration based on my own personal knowledge and if called upon to do so, could and would testify competently as to the following matters.

2. Attached as Exhibit A is a true and correct copy of "Plaintiff's Second Set of Supplemental Responses to Defendant/Counterclaimant Envisiontec, Inc.'s Interrogatories," dated May 13, 2011.

3. Attached as Exhibit B is a true and correct copy of the relevant pages of "Plaintiff's Response to Defendant/Counterclaimant Envisiontec, Inc.'s First Set of Request for Admissions Nos. 1-81" dated June 20, 2011.

4. Attached as Exhibit C is a true and correct copy of the relevant pages of "Plaintiff's Supplemental Responses to Defendant/Counterclaimant Envisiontec, Inc.'s First Set of Request for Admissions Nos. 1-81" dated July 8, 2011.

5. Attached as Exhibit D is a true and correct copy of the relevant pages of "Plaintiff Alex Shpisman's response to Defendant Envisiontec, Inc.'s. Second Set of Request for Admissions Nos. 82-91" dated August 19, 2011.

6. Attached as Exhibit E is a true and correct copy of the relevant pages of "Plaintiff's Further Supplemental Response to Defendant/Counterclaimant Envisiontec, Inc.'s Interrogatory No. 10" dated August 24, 2011 ("Shpis. 2nd Rog 10 Resp"). The original August 24th exhibits (images of graphical user interfaces) to Plaintiff's Further Supplemental Response to Interrogatory No. 10—which I caused to be page-numbered for reference purposes—had poor legibility. On August 27, 2011, I asked opposing counsel for better images. Attached as Exhibit E.1 are the exhibits he provided on August 29, 2011 in response to my request, which I caused to be page-numbered for reference purposes. Exhibit B sent on

1  August 29th does not correspond exactly to the original Exhibit B attached to
2  Plaintiff's Further Supplement Response dated August 24th.  Attached as Exhibit
3  E.2 is a chart that matches images provided on August 29th to the original August
4  24th Exhibit B.
5       7.     Attached as Exhibit F is a true and correct copy of a letter from
6  Eugene Rome to myself dated June 10, 2011.
7       8.     Attached as Exhibit G is a true and correct copy of the relevant pages
8  of Volume I of the transcript of Alex Shpisman's deposition taken on July 12, 2011
9  in Los Angeles, California ("Shpis. Tr. I").
10      9.     Attached as Exhibit H is a true and correct copy of Exhibit 1 to
11 Shpisman's deposition transcript Volume I.
12      10.    Attached as Exhibit I is a true and correct copy of Exhibit 2 to
13 Shpisman's deposition transcript Volume I.
14      11.    Attached as Exhibit J is a true and correct copy of Exhibit 4 to
15 Shpisman's deposition transcript Volume I.
16      12.    Attached as Exhibit K is a true and correct copy of Exhibit 7 to
17 Shpisman's deposition transcript Volume I.
18      13.    Attached as Exhibit L is a true and correct copy of Exhibit 9 to
19 Shpisman's deposition transcript Volume I.
20      14.    Attached as Exhibit M is a true and correct copy of Exhibit 13 to
21 Shpisman's deposition transcript Volume I.
22      15.    Attached as Exhibit N is a true and correct copy of Exhibit 14 to
23 Shpisman's deposition transcript Volume I.
24      16.    Attached as Exhibit O is a true and correct copy of Exhibit 18 to
25 Shpisman's deposition transcript Volume I.
26      17.    Attached as Exhibit P is a true and correct copy of the relevant pages
27 of Volume II Alex Shpisman's deposition taken on July 29, 2011 in Los Angeles,
28 California ("Shpis. Tr. II").

DECLARATION OF STEVEN R. HANSEN

18. Attached as Exhibit Q is a true and correct copy of Exhibit 19 to Shpisman's deposition transcript Volume II.

19. Attached as Exhibit R is a true and correct copy of Exhibit 20 to Shpisman's deposition transcript Volume II.

20. Attached as Exhibit S is a true and correct copy of Exhibit 21 to Shpisman's deposition transcript Volume II.

21. Attached as Exhibit T is a true and correct copy of Exhibit 22 to Shpisman's deposition transcript Volume II.

22. Attached as Exhibit U is a true and correct copy of Exhibit 24 to Shpisman's deposition transcript Volume II.

23. Submitted on a CD as Exhibit V is a true and correct copy of documents, Bates-stamped SHPIS 001281-1988, produced by Plaintiff in this litigation. Plaintiff has admitted that these pages are an authentic copy of the Registered Work.

24. I have reviewed the Registered Work. The control software portion of the work is located at pages SHPIS1304-1407 and SHPIS1467-1585, totaling 222 pages. By spot checking several pages of the code, I determined that they included roughly about 25 lines per page. By multiplying 222 by 25 I arrived at a rough estimate of 5500 lines of code in the control software portion of the registered work. In his interrogatory responses, Plaintiff had identified four lines of blade movement code that he alleges were copied. These four lines comprise roughly about 0.07% (4/5500) of the Vanquish.NET control software source code in the Registered Work. Plaintiff also identified about 15 lines of test spot generating code in his interrogatory responses which he alleges were copied. Thus, the percentage of the registered control software which Plaintiff alleges is infringing is roughly about 0.03% (19/5500).

25. I have reviewed the Registered Work (Exh. V, ¶ 23, *supra*) and found no MainWindow.Designer.cs file.

- 3 -

DECLARATION OF STEVEN R. HANSEN

26. On page 4 of the Shpis. 2nd Rog 10 Resp (Exh. E, ¶ 6, *supra*), Plaintiff identifies "code designated as Xede 2327.55, appearing in the VanquishNet2 (27 Feb 09) directory." This code was produced by Shpisman to Envisontec in the course of litigation as part of SHPIS 90842, in its subfolder Shpisman Projects (345). Attached as Exhibit W is a true and correct copy of the directory for this subfolder, which lists its files. Among the listed files is a MainWindow.Designer.cs file that includes the text "Xede 2327.55" and other text labels from the Xede GUI screen shots shown in Exhibit B of Shpis. 2nd Rog 10 Resp (Exh. E, ¶ 6, *supra*).

27. Submitted on a CD as Exhibit X herewith is a true and correct copy of the MainWindowDesigner.cs file for Xede 2327.55.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 2nd day of September 2011, at Waterford, Michigan.

*/s/ Steven R. Hansen*

_____
Steven R. Hansen

- 4 -

DECLARATION OF STEVEN R. HANSEN